IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01037-BNB

TIMOTHY SCOTT PARKS,

Plaintiff,

v.

THOMAS E. VANDERMEE, Police Chief,
ERIC ZASSADA, Officer,
ANDREW SALDIVOR, Officer,
MIKE O'CONNOR, Officer,
DANIEL L. BROTZMAN, City Attorney,
CAROL CHAMBERS, District Attorney,
LORI RUTLEDGE, District Attorney, and
JIM WOODWARD, Mayor Pro-Tem,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 23 2008

GREGORY C. LANGHAM
CLERK

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff Timothy Scott Parks currently is detained at the Arapahoe County Jail in Englewood, Colorado. Mr. Parks has submitted to the Court a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his Fourth and Fourteenth Amendment rights were violated when he was subjected to a malicious prosecution and to an illegal search and seizure. Plaintiff further asserts that the felony charges brought against him were dismissed, and he seeks money damages for the illegal arrest and prosecution.

The Court must construe the Complaint liberally because Mr. Parks is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id.*

The case and the claims alleged against Defendants Eric Zassada, Andrew Saldivor, and Mike O'Connor will be drawn to a district judge and to a magistrate judge. Defendants Thomas E. Vandermee, Daniel L. Brotzman, Carol Chambers, Lori Rutledge, and Jim Woodward, however, will be dismissed from the action for the following reasons.

As for Defendants Vandermee and Woodward, personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, a plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and a defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable based on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Supervisor liability requires either personal direction or actual knowledge of and

acquiescence in the alleged constitutional violation. *See Woodward v. City of Worland*, 977 F.2d 1392, 1400 (10th Cir. 1992); *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988).

Mr. Parks asserts that because of their supervisory positions Defendants Vandermee and Woodward are liable for the alleged illegal arrest and prosecution. Therefore, Defendants Vandermee and Woodward will be dismissed as parties to this action for lack of personal participation.

As for Defendants Daniel L. Brotzman, Carol Chambers, and Lori Rutledge, Mr. Parks asserts no allegations against them other than that they served as either city or state district attorneys during the time the events at issue took place. Prosecutors enjoy immunity from suit under 42 U.S.C. § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976). In their positions as city and district attorneys their acts are " 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir 1990) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)), *cert. denied sub nom. Swepston v. Snell*, 499 U.S. 976 (1991). Therefore, Defendants Brotzman, Chambers, and Rutledge are inappropriate parties to this action based on immunity and will be dismissed. Accordingly, it is

ORDERED that Defendants Thomas E. Vandermee, Daniel L. Brotzman, Carol Chambers, Lori Rutledge, and Jim Woodward are dismissed as parties to this action. It is

FURTHER ORDERED that the Clerk of the Court shall remove Defendants Thomas E. Vandermee, Daniel L. Brotzman, Carol Chambers, Lori Rutledge, and Jim Woodward from the docket as parties to the action. It is

FURTHER ORDERED that the case and the claims alleged against remaining Defendants Eric Zassada, Andrew Saldivor, and Mike O'Connor shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 21 day of July, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01037-BNB

Timothy Scott Parks
Prisoner No. 07-13101
Arapahoe County Det. Facility
PO Box 4918
Englewood, CO 80155

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/23/08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk