IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 08-cv-01037-CMA-MJW

TIMOTHY SCOTT PARKS,

    Plaintiff,

v.

ERIC ZASADA, Officer, and
MIKE O'CONNOR, Officer,

    Defendants.

---

**ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

    This is a civil rights case. Plaintiff brings two claims under 42 U.S.C. § 1983 against two officers who were, at the time of the at-issue events, employed by the City of Englewood Police Department. The first is for malicious prosecution in violation of the Fourth and Fourteenth Amendments. The second is for illegal search and seizure, also in violation of the Fourth and Fourteenth Amendments. (Doc. # 58 at 4-5; Doc. # 78 at 2-3.)

    The matter is before the Court on Defendants' Combined Motion and Memorandum Brief in Support of Motion for Partial Summary Judgment (Doc. # 71). Jurisdiction is proper under 28 U.S.C. § 1331.

## I.  BACKGROUND

Heeding their obligations under the Court's Local Rules and Practice Standards,[1] Defendants recited for the Court what they believed were the undisputed material facts, as supported by evidence establishing those facts.  (Doc. # 71 at 3-7.)  In contrast, Plaintiff – ignoring his obligations under both sets of rules as well as the Federal Rules of Civil Procedure[2] – failed to respond in any substantive way to Defendants' motion (*See* Doc. # 79.)

In their motion, Defendants concede that there exist disputed issues of material fact regarding Plaintiff's Fourth Amendment search and seizure claim against Officer Zasada.  Their motion for summary judgment is thus limited to Plaintiff's Fourth Amendment claim against Sergeant O'Connor and the malicious prosecution claims against both Defendants.  (Doc. # 71 at 3.)  They argue that, as to those claims, they are entitled to qualified immunity.

## II.  DISCUSSION

Summary judgment is warranted under Federal Rule of Civil Procedure 56(c) when "the pleadings, the discovery and disclosure materials on file, and any affidavits

---

[1]  D.C.COLO.LCivR 56.1 and CMA Civ. Practice Standards III.G.

[2]  *See id*, CMA Civ. Practice Standards III.G.4, and Fed. R. Civ. P. 56(e)(2)("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.").

show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.  *Id.*

Plaintiff is proceeding *pro se.*  Accordingly, the Court must liberally construe his filings.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, should not be his advocate.  *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  Moreover, Plaintiff must follow the same procedural rules that govern other litigants.  *See Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).  Accordingly, although *pro se*, Plaintiff must still overcome Defendants' assertion of qualified immunity.

"When a defendant asserts qualified immunity at summary judgment, the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established."  *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009) (citing *Pearson v. Callahan*, 129 S. Ct. 808, 815-16 (2009)). If Plaintiff satisfies both prongs, the burden shifts to Defendants to show there is no genuine issue of material fact relevant to the immunity analysis.  If Defendants fail in this regard, a motion for summary judgment based on qualified immunity must be denied.  *Salmon v. Schwarz*, 948 F.2d 1131, 1136 (10th Cir. 1991).  If, however,

"the plaintiff fails to carry either part of his two-part burden, the defendant is entitled to qualified immunity." *Albright v. Rodriguez*, 51 F.3d 1531, 1535 (10th Cir. 1995).

Here, no matter how liberally the Court construes Plaintiff's response, it fails to satisfy his qualified immunity burden. As mentioned, because Defendants have asserted qualified immunity, the burden shifts to Plaintiff to show that Defendants violated a constitutional right and that the constitutional right was clearly established. Plaintiff's response, which came accompanied by no evidence, has seven numbered paragraphs and reads as follows:

1. Plaintiff has never received a copy of Defendant's Motion for Summary Judgment as of this filing.[3]

## UNDISPUTED FACTS

1. Plaintiff has sufficient documentation to prove his claims beyond any reasonable doubts, this court or a jury of his peers.

2. Plaintiff's claims state a clear violation of his civil rights and, therefore, state a claim in which relief will be granted.

3. Plaintiff claims that his civil rights were in fact violated and are further supported by a District Judge's ruling in Arapahoe County.

4. It is undisputed that plaintiff was the subject of a planned ambush on his person the night of his arrest for charges later found to be false.

---

[3] Defendants' motion included a Certificate of Service indicating it was mailed to Plaintiff. (Doc. # 71 at 17.) In addition, the Final Pretrial Order acknowledges both Defendants' outstanding motion and Plaintiff's obligation to respond to it. (Doc. # 78 at 5.) Plaintiff's approval of the Final Pretrial Order is indicated on its final page. (*Id.* at 8.) Accordingly, the Court disregards Plaintiff's claim he never received Defendants' motion.

> 5. Plaintiff will submit to this court the documentation that defendant clearly wished to not disclose to this court or plaintiff upon his request for these pertinent documents.
>
> 6. Plaintiff's civil rights were in fact clearly violated as a direct result of defendant's actions and in violation of plaintiff's guaranteed rights under the United States Constitution and, therefore, relief must be granted in the interest of justice.

(Doc. # 79).

These averments are insufficient to satisfy Plaintiff's burden.  Accordingly, Defendants are entitled to qualified immunity as to Plaintiff's Fourth Amendment claim against Sergeant O'Connor and the malicious prosecution claims against both Defendants.

### III.  CONCLUSION

Based on the foregoing,

The Court GRANTS Defendants' Motion for Partial Summary Judgment (Doc. # 71).  Accordingly, the sole remaining claim in this case is Plaintiff's Fourth Amendment search and seizure claim against Officer Zasada.

DATED:  February   16  , 2010

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge